**FESTO CORPORATION,**
**Plaintiff–Appellee,**

v.

**SHOKETSU KINZOKU KOGYO KA-**
**BUSHIKI CO., Ltd., a/k/a SMC Corpo-**
**ration, and SMC Pneumatics, Inc., De-**
**fendants–Appellants.**

No. 95–1066.

United States Court of Appeals,
Federal Circuit.

Sept. 20, 2002.

Charles R. Hoffman, Hoffman & Baron, of Jericho, New York, for plaintiff-appellee.

Arthur I. Neustadt, Oblon, Spivak, McClelland, Maier & Neustadt, P.C., of Arlington, Virginia, for defendants-appellants.

Before MAYER, Chief Judge, NEWMAN, MICHEL, Circuit Judges, PLAGER,* Senior Circuit Judge, LOURIE, CLEVENGER, RADER, SCHALL, BRYSON, GAJARSA, LINN, DYK, and PROST, Circuit Judges.

## ORDER

The mandate issued on December 20, 2000, is recalled and the appeal is reinstated, following remand from the Supreme Court of the United States. *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 234 F.3d 558, 56 USPQ2d 1865 (Fed.Cir.2000) (en banc), *overruled-in-part by* 535 U.S. 722, 122 S.Ct. 1831, 152 L.Ed.2d 944 (2002). The Court differed with this court on the scope of equivalents available following a narrowing amendment. Whereas we had held that any narrowing amendment made for reasons related to patentability effects a complete bar to the doctrine of equivalents for the amended claim element, 234 F.3d at 563–64, 56 USPQ2d at 1868, the Court held that a narrowing amendment instead raises a rebuttable presumption that the complete bar applies:

A patentee's decision to narrow his claims through amendment may be presumed to be a general disclaimer of the territory between the original claim and the amended claim. There are some cases, however, where the amendment cannot reasonably be viewed as surren-dering a particular equivalent. The equivalent may have been unforeseeable at the time of the application; the rationale underlying the amendment may bear no more than a tangential relation to the equivalent in question; or there may be some other reason suggesting that the patentee could not reasonably be expected to have described the insubstantial substitute in question. In those cases the patentee can overcome the presumption that prosecution history estoppel bars a finding of equivalence.... The patentee must show that at the time of the amendment one skilled in the art could not reasonably be expected to have drafted a claim that would have literally encompassed the alleged equivalent.

*Festo,* 122 S.Ct. at 1842 (citations omitted). Claims of both Festo patents at issue were narrowed by amendments during prosecution.

We must now consider what further action to take in this case. To help us in that determination, we order the parties to submit briefs on the following issues:

1. Whether rebuttal of the presumption of surrender, including issues of foreseeability, tangentialness, or reasonable expectations of those skilled in the art, is a question of law or one of fact; and what role a jury should play in determining whether a patent owner can rebut the presumption.

2. What factors are encompassed by the criteria set forth by the Supreme Court.

3. If a rebuttal determination requires factual findings, then whether, in this case, remand to the district court is necessary to determine whether Festo can rebut the pre-

---

* *See* 28 U.S.C. § 46(c)(2) (allowing senior circuit judges "to continue to participate in the decision of a case or controversy that was heard or reheard by the court in banc at a time when such judge was in regular active service").

sumption that any narrowing amendment surrendered the equivalent now asserted, or whether the record as it now stands is sufficient to make those determinations.

4. If remand to the district court is not necessary, then whether Festo can rebut the presumption that any narrowing amendment surrendered the equivalent now asserted.

The case will be heard en banc on the basis of the briefs already filed and the additional briefs addressing the questions set forth above. An original and 30 copies of all additional briefs shall be filed and two copies shall be served on opposing counsel. Such additional briefs shall be filed simultaneously by the parties 30 days from the date of this Order, and shall not exceed 5000 words in length.

Amicus curiae briefs addressing the first two issues are welcomed from bar associations, trade or industry associations, and the government. Such briefs shall be limited to 2500 words and filed within 30 days from the date of this Order.

Oral argument, if any, will be scheduled in a later order.